# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Target Corporation, | Case No. 18-CV-3305-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Seaman Corporation, | |
| Defendant. | |

This matter is before the Court on Target Corporation's Motion for Leave to File a Supplemental Complaint pursuant to Rule 15(d). ECF No. 64. For the following reasons, the motion is granted.

Under Rule 15(d), a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Supplemental pleadings under Rule 15(d) "are intended to cover matters occurring after the original complaint was filed." *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n.4 (8th Cir. 2003). Courts should allow supplementation freely when "it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties." *Smith v. Brown*, No. 4:16-cv-04014-LLP, 2018 WL 1440328, at *16–17 (D.S.D. Mar. 22, 2018). This is essentially the same standard applied for allowing amendment under Rule 15(a).

In opposing Target's motion, Seaman Corporation argues that it will be prejudiced if the supplementation is allowed because the supplemental complaint proposes adding claims that involve different "transactions, occurrences, facts, documents, and witnesses" to a case that "has been pending for more than a year and a half." ECF No. 73 at 2; *id.* at 5–6. But the Court finds that the issues presented by Target's proposed supplemental complaint are closely related to the underlying claims in the operative complaint. Given the factual landscape of this case, allowing Target's additional claims will not be unfairly

prejudicial to Seaman. Indeed, the schedule was recently modified to permit discovery through May 3, 2021. This will allow Seaman an adequate opportunity to examine the basis for Target's supplemental claims in this case. Giving Target leave to file its supplemental complaint will promote the interests of justice because it will allow the parties to resolve a greater portion of their wide-ranging dispute in a single proceeding.

The Court is also not persuaded by Seaman's alternative argument that Target failed to demonstrate good cause under Rule 16(b)(4) for filing its motion to supplement. *See* ECF No. 73 at 7–8. A party is required to show good cause for seeking to amend or supplemental a pleading after the expiration of the applicable deadline in a scheduling order. Fed. R. Civ. P. 16(b)(4); *See Shank v. Carleton College*, 329 F.R.D. 610, 613–14 (D. Minn. 2019). However, based on the Declaration of Michael Fenner, who is Target's Lead Technical Specialist for the Building Envelope Team—Property Management, the Court concludes that Target exercised reasonable diligence in pursuing its claims. ECF No. 68. As explained by Mr. Fenner, despite that diligence, Target was unable to meet the December 2019 deadline for seeking to alter or amend the pleadings in the original scheduling order because it could not have observed the FiberTite roofing membrane issues at its Hastings and Waconia stores until after that deadline had passed. *Id.* ¶¶ 2–4.

Accordingly, Target's motion **(ECF No. 64)** is **GRANTED**. Target shall file its proposed supplemental complaint within three business days of this Order. Seaman shall file a responsive pleading to Target's supplemental complaint within fourteen days after Target's filing.

Date: July 30, 2020                                                *s/ Katherine Menendez*
                                                                            Katherine Menendez
                                                                            United States Magistrate Judge