UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Target Corporation, | Case No. 18-cv-3305 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** |
| Seaman Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiff Target Corporation's (Target) motion to strike two of Defendant Seaman Corporation's (Seaman) affirmative defenses. (Dkt. 78.) For the reasons addressed below, the Court grants in part and denies in part Target's motion to strike.

## BACKGROUND

Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Seaman is an Ohio corporation with its principal place of business in Wooster, Ohio.

Over the course of multiple commercial transactions, Target purchased roofing membranes from Seaman. Target commenced this action on December 3, 2018, alleging that the roofing membranes did not last as long as Seaman represented. Consequently, Target alleges that Seaman breached express warranties, made fraudulent misrepresentations, violated the Deceptive Trade Practices Act of both Ohio and Minnesota, and refused to take back the nonconforming roofing membranes.

On July 30, 2020, the Court granted Target's motion for leave to file a supplemental complaint and directed Target to file the supplemental complaint within three days of the order. Target timely filed a supplemental complaint in which Target added two additional stores to the list of 16 stores affected by the allegedly defective roofing membranes. The Court also directed Seaman to file an answer within 14 days after Target's filing. Seaman timely filed an answer, asserting two affirmative defenses (spoliation of evidence and Acts of God) that had not been pled in Seaman's answers to either the original complaint or the first amended complaint. Target moves to strike Seaman's newly asserted affirmative defenses.

## ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Because Rule 12(f) is permissive, district courts have "liberal discretion" when deciding whether to strike a defense. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks omitted). A Rule 12(f) motion to strike may be granted to eliminate "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, because striking a portion of a pleading is a drastic remedy, courts view Rule 12(f) motions with disfavor. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

## I. Spoliation-of-Evidence Defense

Target argues that Seaman's spoliation-of-evidence affirmative defense is insufficient as a matter of law. Seaman contends that spoliation of evidence is a proper affirmative defense.

Spoliation is not an affirmative defense. Rather, spoliation typically is addressed as an evidentiary or discovery matter, such as through a motion for sanctions. *See e.g.*, *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2017 WL 6508763 at *2–3 (N.D. Ind. Dec. 20, 2017). Rule 8(c), Fed. R. Civ. P., includes a non-exhaustive list of affirmative defenses, in which spoliation is not included. Courts that have considered whether spoliation is an affirmative defense consistently have held that it is not. *See e.g.*, *Sherman v. Rinchem Co.*, 687 F.3d 996, 1006 (8th Cir. 2012) (finding that a "spoliation ruling is evidentiary in nature"); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("[W]hile the spoliation of evidence may give rise to court imposed sanctions deriving from [the court's] inherent power, the acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses."); *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995) (spoliation is "not an affirmative defense, but a rule of evidence"); *ArcelorMittal*, 2017 WL 6508763 at *2–3 (finding that spoliation is not properly addressed as an affirmative defense); *Ross v. Kopocs*, No. 1:14-cv-60-SKL, 2015 WL 926580, at *3 (E.D. Tenn. Mar. 4, 2015) (concluding that "spoliation of evidence is not an affirmative defense").

Seaman argues that, because some courts have denied motions to strike spoliation as an affirmative defense, those courts implicitly have held that spoliation is an affirmative defense. *See Garrison v. Foster Poultry Farms Inc.*, No. CV-16-00280-PHX-DLR, 2016 WL 3753529, at *1 (D. Ariz. July 14, 2016) (denying motion to strike spoliation as an affirmative defense)*; Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016) (same); *Schmidt v. Pentair, Inc.*, No. C08-4589 TEH, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010) (same). Courts in these cases denied motions to strike affirmative defenses, but none of the cases on which Seaman relies has directly addressed whether spoliation is an affirmative defense. *See ArcelorMittal*, 2017 WL 6508763 at *2 (collecting cases in which a court denied a motion to strike spoliation of evidence as an affirmative defense without directly addressing whether spoliation is an affirmative defense). And the courts that have directly addressed whether spoliation is an affirmative defense have consistently held that it is not. *See, e.g.*, *Vodusek*, 71 F.3d at 155 ("Under the spoliation of evidence rule, an adverse inference may be drawn against a party who destroys relevant evidence. Even though application of the rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court."). This Court joins those courts and concludes that spoliation of evidence is not an affirmative defense.

Accordingly, Target's motion to strike Seaman's spoliation-of-evidence affirmative defense is granted because it is not an affirmative defense as a matter of law.

## II. Acts-of-God Defense

Target argues that Seaman's Acts-of-God affirmative defense should be stricken because the defense has no relation to the changes in Target's supplemental complaint. Seaman disagrees.

When, as here, the deadline to amend pleadings has passed, a party must seek leave of the court or obtain written consent from the opposing party to amend its pleading. Fed. R. Civ. P. 15(a)(2).[1] A party responding to a pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). A party's pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e).

District Courts in this circuit have followed the "moderate approach" when addressing the permissible scope of an answer to an amended pleading. *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-CV-1426 (JRT/SER), 2011 WL 2261298, at *4 (D. Minn. Mar. 21, 2011), *report and recommendation adopted,* No. 09-1426 (JRT/SER), 2011 WL 2261284, at *4 (D. Minn. June 8, 2011). Under the moderate approach, to "the extent a party expands the scope or theory of its case" in its amended pleading, "the other party should have the opportunity to respond in kind." *Id.* If a plaintiff files an amended complaint that changes the theory or scope of the case, the defendant may "plead anew as though it were the original complaint filed by the Plaintiff." *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd,* 205 F.3d 1347 (8th Cir. 2000) (unpublished table decision). If, however, an amended complaint changes

---

[1] The deadline to amend the pleadings was December 27, 2019.

5

neither the theory nor scope of the case, leave must be sought pursuant to Rule 15(a) of the Federal Rules of Civil Procedure before a defendant can amend its answer. *Id.*

Target added two stores to the supplemental complaint. In response, Seaman added an Acts-of-God affirmative defense to its answer to the supplemental complaint. At issue, therefore, is whether Seaman's addition of an Acts-of-God affirmative defense "changes the theory or scope of the case" in a manner less than or equally proportional to Target's addition of two stores in the supplemental complaint. *See Buffalo Wild Wings, Inc.*, 2011 WL 2261298 at *4 (internal quotation marks omitted).

Target expanded Seaman's potential liability by increasing the number of stores at issue. The addition of stores warrants additional discovery for the contract negotiations, weather conditions and repair history as to each store location. With Seaman's addition of an Acts-of-God affirmative defense, Seaman gains a potential defense to liability. Target's addition of two stores to the supplemental complaint—which would lead to more discovery—provides a greater change in the scope of the litigation than the assertion of an Acts-of-God affirmative defense. *Id.* at *4 (finding that when a plaintiff expands the scope of its case in an amended complaint, the defendant may "respond in kind"). For these reasons, permitting Target to amend its complaint without also permitting Seaman to amend its answer would be inequitable. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Seaman, therefore, may plead an Acts-of-God affirmative defense.

The Court denies Target's motion to strike Seaman's Acts-of-God affirmative defense.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Target Corporation's motion to strike, (Dkt. 78), is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

Dated: June 21, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge